1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA — WESTERN DIVISION**

10

11  KENNETH S. ALEXANDER,          )   Case No. CV 06-8257-JVS (JWJ)
                                   )
12          Plaintiff,             )
                                   )
13      vs.                        )   MEMORANDUM AND ORDER
                                   )   DISMISSING SECOND
14  BECKY BAY, et al.,             )   AMENDED CIVIL RIGHTS
                                   )   COMPLAINT IN PART WITHOUT
15          Defendants.            )   LEAVE TO AMEND AND IN PART
                                   )   WITH LEAVE TO AMEND
16                                 )   (GRANTING MOTIONS TO
                                   )   DISMISS IN DOCKET NOS. 44 &
17  _____  )   46)

18

19                      **I. BACKGROUND**

20      In June 2006, Plaintiff Kenneth S. Alexander, proceeding pro se, filed a

21  Civil Rights Complaint in the United States District Court for the District of

22  Columbia. On September 26, 2006, that court dismissed some of the defendants

23  and transferred the action to this Court, where it was filed on December 28, 2006.

24      On January 12, 2007, Plaintiff filed in this Court his First Amended

25  Complaint. On May 4, 2007, the Court dismissed the First Amended Complaint

26  with leave to amend. On May 24, 2007, Plaintiff filed the present Second

27  Amended Complaint pursuant to 42 U.S.C. § 1983.

28      On December 12, 2007, Defendants Becky Bay, David Keene, Duc Nguyen,

1  Vache Chakmakian, B.G. Compton, Jeff Brewer, Cheryl Hiatt, Jesus Fernandez,

2  Lilia Castillo, Victoria Malingkas, Joe Norwood, S.A. Holencik, Clover Clinton,

3  and Michael Hill filed the first of the Motions to Dismiss the Second Amended

4  Complaint under consideration herein.  On January 8, 2008, Defendants Joe

5  Schmidt, A. Miroshnick, and Simms filed the second of the Motions to Dismiss

6  under consideration herein.  Only Defendant George T. Craig has not moved to

7  dismiss the Second Amended Complaint.  However, the Court has screened the

8  Second Amended Complaint as concerning Defendant Craig.  The Second

9  Amended Complaint should be dismissed as follows.

10

11  **II.  NO LIABILITY PURSUANT TO 42 U.S.C. § 1983**

12  All of plaintiff's claims address what he considers to be substandard care by

13  federal prison officials with respect to Plaintiff's injured hand.  (See Second

14  Amended Complaint, at 3-15.)

15  The Second Amended Complaint must be dismissed, however, because

16  Plaintiff has filed for relief only pursuant to 42 U.S.C. § 1983 (see Second

17  Amended Complaint, at 1), which applies solely to state agents.  Each of the

18  Defendants is a federal agent and acted under color of federal law; therefore,

19  section 1983, which provides relief only against state actors acting under color of

20  state law, is irrelevant to Plaintiff's claims.  See Billings v. United States, 57 F.3d

21  797, 801 (9th Cir. 1995).  Relief against federal agents could be sought only

22  pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388, 91 S. Ct. 1999,

23  29 L. Ed. 2d 619 (1971), which provides an analogous cause of action against

24  federal actors.  See also Hartman v. Moore, 547 U.S. 250, 254 n.2, 126 S. Ct.

25  1695, 164 L. Ed. 2d 441 (2006).

26  For this reason, Plaintiff has not stated a cause of action against any of the

27  Defendants.  The Second Amended Complaint must be dismissed with leave to

28  amend.

1        ### III.  NO PERSONAL JURISDICTION FOR
2        ### DEFENDANTS SCHMIDT, MIROSHNICK, SIMS, BAY AND KEENE

3            Claims against Defendants Schmidt, Miroshnick, Sims, Bay, and Keene
4   must be dismissed without leave to amend because the Court lacks personal
5   jurisdiction over these five Defendants.  Defendants Schmidt, Miroshnick, and
6   Sims moved to dismiss as they are residents of Alaska and all alleged actions taken
7   by them took place in that state.  (See Second Amended Complaint, at 5, 11-12.)
8   Defendants Bay and Keane moved to dismiss because they are residents of
9   Washington and Oregon and all of their alleged actions took place in those states.
10  (See Second Amended Complaint, at 3, 6, 12.)

11           Where a defendant moves to dismiss for lack of personal jurisdiction, the
12  burden is with the plaintiff to make a prima facie showing that jurisdiction exists.
13  Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004).
14  Where, as here, no federal statute governs personal jurisdiction, this Court must
15  apply the law of the forum state.  Panavision Int'l L.P. v. Toeppen, 141 F.3d
16  1316, 1320 (9th Cir. 1998).  California's long-arm statute is co-extensive with
17  federal standards, so this Court may exercise personal jurisdiction if doing so
18  meets federal constitutional due process standards.  Id., at 1320.  "For a court to
19  exercise personal jurisdiction over a nonresident defendant, that defendant must
20  have at least 'minimum contacts' with the relevant forum such that the exercise
21  of jurisdiction 'does not offend traditional notions of fair play and substantial
22  justice.'"  Schwarzenegger, 374 F.3d at 801 (quoting International Shoe Co. v.
23  Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945)).

24           There are two types of personal jurisdiction that a forum state may exercise
25  over a nonresident defendant – general jurisdiction and specific jurisdiction.
26  "Unless a defendant's contacts with a forum are so substantial, continuous, and
27  systematic that the defendant can be deemed to be 'present' in that forum for all
28  purposes, a forum may exercise only 'specific' jurisdiction – that is, jurisdiction

1  based on the relationship between the defendant's forum contacts and plaintiff's

2  claims." <u>Menken v. Emm</u>, 503 F.3d 1050, 1056-57 (9th Cir. 2007).

3        Plaintiff did not reply to Defendants' argument that the Court lacked

4  personal jurisdiction over these five Defendants, none of whom, according to

5  Plaintiff's allegations, resides in California or committed acts against Plaintiff in

6  California.  It is clear from the pleadings that general personal jurisdiction is not

7  present in this case.  Therefore, the only question is whether the Court has specific

8  personal jurisdiction over these five Defendants, which is analyzed via a three-part

9  test:

10           (1) The non-resident defendant must purposefully direct his

11        activities or consummate some transaction with the forum or resident

12        thereof; or perform some act by which he purposefully avails himself

13        of the privilege of conducting activities in the forum, thereby

14        invoking the benefits and protections of its laws;

15           (2) the claim must be one which arises out of or relates to the

16        defendant's forum-related activities; and

17           (3) the exercise of jurisdiction must comport with fair play and

18        substantial justice, <u>i.e.</u> it must be reasonable.

19  <u>Id.</u>, 503 F.3d at 1057.

20        Plaintiff makes no allegations that any of the five Defendants had any

21  connection with California.  All of the alleged actions took place outside

22  California, in federal prisons situated in the other states, and the actions at issue

23  had no conceivable connection with California.

24        Plaintiff has not made a prima facie showing that personal jurisdiction is

25  appropriate.  Therefore, Defendants Schmidt, Miroshnick, Sims, Bay, and Keene

26  should be dismissed from the action.

27  ///

28  ///

## IV.  IMPROPER SERVICE OF ALL DEFENDANTS

Next, Defendants move to dismiss on the grounds of improper service.  The motion to dismiss should be granted on this basis as well.  A <u>Bivens</u> action, which as discussed above, is the proper basis for Plaintiff to sue the named federal agent Defendants, can be maintained against a defendant only in his or her individual capacity.  <u>Castenada v. United States</u>, 546 F.3d 682, 689 (9th Cir. 2008).  Service in general is governed by Rule 4 of the Federal Rules of Civil Procedure, which requires that service be effected by someone over 18 years of age and not a party to the litigation.  Fed. R. Civ. P. 4(c)(2).

Service of federal defendants sued in their individual capacity is governed by Fed. R. Civ. P. 4(i)(3) which requires that the United States be served pursuant to Fed. R. Civ. P. 4(i)(1) (requiring service to Washington D.C. offices of the United States Attorney and Attorney General) and that the individual officer be served pursuant to Fed. R. Civ. P. 4 (e), (f), or (g).  Neither Rule 4(f) or (g) is applicable here.  Plaintiff, therefore, must effectuate service of the federal agent Defendants pursuant to Rule 4(e).  Subsection (1) of this rule allows service pursuant to state law.  In California, service is governed by California Code of Civil Procedure § 415.10 <u>et. seq</u>.  Service may be effected: (1) by personal service of the summons and complaint in accordance with Cal. C.C.P. § 415.10, (2) by leaving a copy of summons and complaint at a defendant's office or mailing address and also by mailing the summons and complaint to the defendant in accordance with Cal. C.C.P. § 415.20, or (3) by mailing a copy of the summons and complaint, two copies of the notice and acknowledgment provided in the statutory section, and a return envelope postage prepaid to the sender in accordance with Cal. C.C.P. § 415.30 (or by mailing to an out of state defendant in accordance with Cal. C.C.P. § 415.40).  Subsection (2) of the federal rule allows service by any of the following means:

(A) delivering a copy of the summons and of the complaint to

1    the individual personally;

2         (B) leaving a copy of each at the individual's dwelling or usual

3    place of abode with someone of suitable age and discretion who

4    resides there; or

5         (C) delivering a copy of each to an agent authorized by

6    appointment or by law to receive service of process.

7 Fed. R. Civ. P. 4(e)(2).

8    Here, it appears that Plaintiff attempted service pursuant to California Code

9 of Civil Procedure sections 415.20 and/or 415.30 and/or pursuant to Rule

10 4(e)(2)(B) and/or (C) of the Federal Rules of Civil Procedure.  Plaintiff complied

11 with the requirements of none of the state statutes, however.  He also attempted

12 to serve documents himself, which is not permitted pursuant to Rule 4(c)(2) of

13 the federal rules.  Since Plaintiff has failed to properly serve any of the Defendants

14 named in the instant motion to dismiss, the action is subject to dismissal for

15 failure to serve in conformity with the requirements of Rule 4(e) of the Federal

16 Rules of Civil Procedure.  <u>See</u> Fed. R. Civ. P. 12(b)(5).

17

18             **V.  <u>FAILURE TO STATE A CLAIM FOR RELIEF</u>**

19    Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint for

20 "failure to state a claim upon which relief can be granted."  In considering the

21 motion to dismiss, the Court must accept all of Plaintiff's factual allegations as

22 true and construe them in the light most favorable to Plaintiff.  <u>Knievel v. ESPN</u>,

23 393 F.3d 1068, 1072 (9th Cir. 2005).  The complaint must only provide "a short

24 and plain statement of the claim showing that the pleader is entitled to relief,"

25 Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are not necessary to survive

26 a motion to dismiss.  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, ___, 127

27 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007).  As the Supreme Court has

28 explained:

1       While a complaint attacked by a Rule 12(b)(6) motion to dismiss

2       does not need detailed factual allegations . . . a plaintiff's obligation

3       to provide the "grounds" of his "entitle[ment] to relief" requires more

4       than labels and conclusions, and a formulaic recitation of the

5       elements of a cause of action will not do, see Papasan v. Allain, 478

6       U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (on a

7       motion to dismiss, courts "are not bound to accept as true a legal

8       conclusion couched as a factual allegation"). Factual allegations must

9       be enough to raise a right to relief above the speculative level, see 5

10      C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp.

11      235-236 (3d ed. 2004) ("[T]he pleading must contain something

12      more ... than ... a statement of facts that merely creates a suspicion

13      [of] a legally cognizable right of action"), on the assumption that all

14      the allegations in the complaint are true (even if doubtful in fact).

15  Bell Atlantic Corp., 127 S. Ct. at 1964-65 (some citations omitted).

16      In a pro se civil rights case, the complaint must be construed liberally to

17  afford the plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police

18  Department, 839 F.2d 621, 623 (9th Cir. 1988). Before dismissing a pro se civil

19  rights complaint for failure to state a claim, the plaintiff should be given a

20  statement of the complaint's deficiencies and an opportunity to cure. Id. Only

21  if it is absolutely clear that the deficiencies cannot be cured by amendment should

22  the complaint be dismissed without leave to amend. Id.

23  **A.      Failure to Provide Adequate Medical Care**

24      Plaintiff's claims are based on federal prison officials' response to an injury

25  to Plaintiff's hand. Plaintiff alleges that doctors and other prison officials failed

26  to provide adequate medical care and therefore violated Plaintiff's constitutional

27  rights.

28      The Eighth Amendment prohibits the imposition of cruel and unusual

1    punishment and "embodies broad and idealistic concepts of dignity, civilized

2    standards, humanity and decency."  <u>Estelle v. Gamble</u>, 429 U.S. 97, 102, 97

3    S. Ct. 285, 50 L. Ed. 2d 251 (1976).

4         [A] prison official violates the Eighth Amendment only when two

5         requirements are met.  First, the deprivation alleged must be,

6         objectively, "sufficiently serious". . . The second requirement follows

7         from the principle that "only the unnecessary and wanton infliction

8         of pain implicates the Eight Amendment."  To violate the Cruel and

9         Unusual Punishments Clause, a prison official must have a

10        "sufficiently culpable state of mind," . . . deliberate indifference.

11    <u>Farmer v. Brennan</u>, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811

12    (1994) (citations omitted).  To act with deliberate indifference an official must

13    have knowledge of an excessive or substantial risk of serious harm to the inmate's

14    health and must deliberately disregard that risk.  <u>Id.</u>, 511 U.S. at 837; <u>Johnson v.</u>

15    <u>Lewis</u>, 217 F.3d 726, 734 (9th Cir. 2000).  Deliberate indifference describes a

16    state of mind more blameworthy than negligence.  <u>Farmer</u>, 511 U.S. at 835.

17        Deliberate indifference "may be manifested in two ways.  It may appear

18    when prison officials deny, delay or intentionally interfere with medical treatment,

19    or it may be shown by the way in which prison physicians provide medical care."

20    <u>Hutchinson v. United States</u>, 838 F.2d 390, 394 (9th Cir. 1988).  Mere

21    negligence in diagnosing or treating a medical condition, without more, does not

22    violate a prisoner's Eighth Amendment rights.  <u>Id.</u>

23         Medical malpractice does not become a constitutional violation

24         merely because the victim is a prisoner.  In order to state a cognizable

25         claim, a prisoner must allege acts or omissions sufficiently harmful to

26         evidence deliberate indifference to serious medical needs.  It is only

27         such indifference that can offend "evolving standards of decency" in

28         violation of the Eighth Amendment.

1   _Estelle_, 429 U.S. at 106.

2   Plaintiff alleges that Defendants Nguyen, Chakmakian, Compton,

3   Fernandez, Craig, Castillo, Malingkas, Norwood, and Holencik failed to provide

4   adequate medical care for Plaintiff's hand.  (Second Amended Complaint, at 3-4,

5   6-7, 12-14, 17-18.)  However, Plaintiff's allegations are not sufficient to constitute

6   a violation of the Eighth Amendment.  In sum, Plaintiff's allegations are that

7   prison medical officials at the various institutions disagreed over treatment plans

8   or – at worst – that they were negligent in the care of Plaintiff's injury.  Neither

9   rises to the level of "deliberate indifference" required to plead an Eight

10  Amendment claim:  "[A] complaint that a physician has been negligent in

11  diagnosing or treating a medical condition does not state a valid claim of medical

12  mistreatment under the Eighth Amendment."  _Estelle_, 429 U.S. at 106; _Toguchi_

13  _v. Chung_, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in diagnosing

14  or treating a medical condition, without more, does not violate a prisoner's Eighth

15  Amendment rights.") (quotation omitted).  The same is true of Plaintiff's

16  allegations that medical personnel came to differing conclusions about his

17  condition.  _See_ _Estelle_, 429 U.S. at 107 ("[T]he question whether an x-ray or

18  additional diagnostic techniques or forms of treatment is indicated is a classic

19  example of a matter for medical judgment.  A medical judgment not to order an

20  x-ray, or like measures, does not represent cruel and unusual punishment.  At

21  most it is medical malpractice . . .); _Jackson v. McIntosh_, 90 F.3d 330, 332

22  (9th Cir. 1996) ("[A] plaintiff's showing of nothing more than 'a difference of

23  medical opinion' as to the need to pursue one course of treatment over another

24  [is] insufficient, as a matter of law, to establish deliberate indifference.").

25  Accordingly, Plaintiff has not sufficiently pleaded an Eighth Amendment

26  claim against any of the named medical personnel.

27  Moreover, Plaintiff has failed to state a claim against Defendants Compton,

28  Norwood, and Holencik to the extent that Plaintiff alleges they acted in a

1   supervisory role in his medical treatment.  "[A] supervisor may be liable if there

2   exists either (1) his or her personal involvement in the constitutional deprivation

3   or (2) a sufficient causal connection between the supervisor's wrongful conduct

4   and the constitutional violation."  MacKinney v. Nielsen, 69 F.3d 1002, 1008

5   (9th Cir. 1995) (quotation omitted).   Since Plaintiff has not stated a

6   constitutional violation in his care, he also has not set forth a cognizable claim

7   against any of the supervisors of his medical care.  City of Los Angeles v. Heller,

8   475 U.S. 796, 798-99, 106 S. Ct. 1571, 89 L. Ed. 2d 806 (1986).

9          Thus, the Second Amended Complaint must be dismissed with leave to

10  amend to allow Plaintiff to properly plead an Eighth Amendment claim, if the

11  facts and circumstances warrant such a claim.

12  **B.    Conspiracy**

13         Plaintiff alleges that Defendants Brewer, Hiatt, Clinton, and Hill "conspired

14  to obstruct justice" and to deny medical care.  (Second Amended Complaint, at

15  8-9.)    Plaintiff offers no other details in support of this broad allegation.  A

16  plaintiff may allege that defendants conspired to violate the plaintiff's

17  constitutional rights but in order to do so successfully must include allegations of

18  unlawful intent.  See Olsen v. Idaho State Bd. of Medicine, 363 F.3d 916, 920

19  (9th Cir. 2004).  Plaintiff has not done so.  Of course, here, Plaintiff also has not

20  alleged any facts demonstrating any constitutional violation.  Accordingly, the

21  conspiracy claims must be dismissed with leave to amend should the facts warrant

22  amendment.  Id.

23  **C.    Retaliation for Exercising First Amendment Rights**

24         Finally, the Court understands Plaintiff to allege that he was retaliated

25  against by Defendants Compton, Brewer, Hiatt, Norwood, Clinton, and Hill for

26  exercising his First Amendment rights to grieve his medical treatment.  (Second

27  Amended Complaint, at 8-9, 13-14, 16-18.)  Retaliation claims may state a valid

28  civil rights cause of action.  Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).

1    However, in order to state a claim for relief, a plaintiff must aver that the allegedly

2    retaliatory action (here, reclassification or housing placement) "did not advance

3    legitimate goals of the correctional institution or was not tailored narrowly enough

4    to achieve such goals." Id.  Plaintiff has made no such allegations.  Moreover, to

5    the extent that the retaliation claim is not clearly pleaded, it cannot withstand

6    dismissal.  Therefore, Plaintiff's retaliation claims must be dismissed with leave to

7    amend.  Any new claims must be plainly explained to the Court.

8    **D.    Racial and/or Religious Discrimination**

9            Plaintiff makes a vague allegation that racial and/or religious were at play

10   in his medical treatment.  (Second Amended Complaint, at 16.)  This is the least

11   developed of his claims:  he adds no allegations that any particular Defendant

12   acted on the basis of such discrimination rather than for an appropriate purpose.

13   This vague claim cannot be the basis for relief.  It is dismissed with leave to amend

14   should the facts warrant amendment.

15

16                                      **ORDER**

17           For all the foregoing reasons, it is hereby **ORDERED** as follows:

18   1.    Defendants' Motions to Dismiss (docket nos. 44, 46) are

19         **GRANTED**;

20   2.    The Second Amended Complaint is **dismissed with leave to amend**

21         for failure to state a claim pursuant to 42 U.S.C. § 1983, for

22         improper service, and for failure to state any substantive claim for

23         relief **as to Defendants Nguyen, Chakmakian, Compton, Brewer,**

24         **Hiatt, Fernandez, Castillo, Malingkas, Norwood, Craig,**

25         **Holencik, Clinton, and Hill**;

26   3.    The Second Amended Complaint is **dismissed without leave to**

27         **amend** for lack of jurisdiction **as to Defendants Schmidt,**

28         **Miroshnick, Sims, Bay, and Keane.**

1   Plaintiff shall have **twenty-one (21)** days from the date of this Order to file
2   a Third Amended Complaint.  The Third Amended Complaint must comply with
3   all the applicable provisions of the Prison Litigation Reform Act, Pub. L. No. 104-
4   134, 110 Stat. 1321 (codified in Sections of Titles 18, 28 and 42 U.S.C.), the
5   Federal Rules of Civil Procedure, and the Local Rules for the Central District of
6   California.

7   The Third Amended Complaint must be labeled with the case number
8   assigned to this case, and must be labeled "Third Amended Complaint."  In
9   addition, Plaintiff is informed that the Court cannot refer to a prior pleading in
10  order to make Plaintiff's Third Amended Complaint complete.  Local Rule 15-2
11  requires that an amended complaint be complete in and of itself without reference
12  to any prior pleading.  This is because, as a general rule, an amended complaint
13  supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.
14  1967).

15  Any amended complaint must comply with Federal Rule of Civil Procedure
16  8(a) and 8(e), which require, inter alia, a short and plain statement of Plaintiff's
17  complaints.  Plaintiff must discretely number each claim and present supporting
18  facts and legal authority in a clear and concise manner.  Plaintiff is encouraged to
19  use the Court's form civil rights complaint to aid the Court's review.  The Court
20  Clerk is hereby directed to enclose with this Order two copies of the form civil
21  rights complaint.

22  Plaintiff shall not add any new claims to the Third Amended Complaint
23  without requesting leave to amend.  The leave to amend granted in this Order
24  refers only to the claims specified above.  Plaintiff also is cautioned that because
25  he has been granted leave to amend before, he should not anticipate receiving
26  further opportunities to amend any Third Amended Complaint.

27  Plaintiff may request service by the United States Marshal.  Fed. R. Civ. P.
28  4(c)(3).  The Court will defer determining whether to issue an order directing

- 12 -

1  service of process by the United States Marshal upon any Defendant pending

2  receipt of a Third Amended Complaint which states a cognizable claim for relief.

3  At such time, the Court also will consider extending the time for service beyond

4  the 120-day limit (which ran from the date of the filing of the original complaint).

5  See Fed. R. Civ. Proc. 4(m).

6          If Plaintiff elects not to file a Third Amended Complaint within twenty-one

7  (21) days from the date of this Order, this Court will recommend that this action

8  be dismissed with prejudice for failure to prosecute and/or failure to comply with

9  this Court's order.  See Fed. R. Civ. P. 41(b); Local Rules of the Central District

10  of California, Rule 41-1; see also Link v. Wabash R.R., 370 U.S. 626, 629-30, 82

11  S. Ct. 1386, 8 L. Ed. 2d 734 (1962).

12

13  DATED:   February 11, 2009

14

15                                                          _____/s/_____

16                                                          JAMES V. SELNA
                                                            United States District Judge

17  Presented by:

18  DATED:   January 29, 2009

19

20

          _____/s/_____

21        JEFFREY W. JOHNSON
          United States Magistrate Judge

22

23

24

25

26

27

28